Hunt *vs.* Orwig.

APPEAL FROM GRAYSON CIRCUIT.

1. A vendee without warranty may, in case of eviction, or a recovery in a circuit court of the United States, which is tantamount to an eviction, recover against a remote warrantor of the same land.

2. As between an immediate vendee with warranty and his warrantor, the warrantor may show what was the real consideration paid for the land, the title to which was warranted, but between a remote vendee and a warrantor, the consideration expressed in the deed is conclusive, and cannot be questioned in a suit on the warranty. (*Greenwault vs. Davis,* & Hill, 643.) The doctrine relating to ordinary assignments has no application in this case.

*Margin notes:*

HUNT
*vs.*
ORWIG.

Case 11.

PET. EQ.

17bm 73
135 50
f135 755

3. The criterion of recovery is the value of the land lost by the eviction, or if less than the whole is lost, the value of so much as is lost proportioned to the original consideration paid.

4. This court will presume that a circuit court of the United States had jurisdiction, where the pleadings show the fact that the suit was between citizens of different states, and the matter in controversy exceeded the sum of $500.

Case stated.

Andrew Hunt conveyed by deed, with warranty, to Collins, 320 acres of land in the state of Illinois, for the consideration of sixteen hundred dollars, as expressed in the deed, but the true consideration, as alledged by Hunt, was a tract of land in the state of Ohio, worth greatly less than that sum. Collins conveyed the land, and Orwig, through intermediate conveyances, became the owner. Orwig's tenant was sued in an action of ejectment in the United States circuit court for the state of Illinois, and a judgment of eviction had for 120 acres of the 320. No actual eviction took place, but after the judgment was rendered, Orwig purchased the superior title. Orwig's immediate vendor conveyed to him the 320 acres, with special warranty of title only.— Orwig then instituted this suit in equity against Hunt to recover damages for the breach of his warranty in the deed to Collins, for the loss of the 120 acres of land.

Hunt, in his defense, relies chiefly upon the ground that the consideration expressed in the deed from him to Collins was not the true consideration received, but that the real consideration was the conveyance by Collins, to him, of a tract of land in the state of Ohio, and that Collins had grossly deceived him as to the quantity and quality of those lands. And showed facts conducing to prove this defense.

The circuit court rejected all evidence offered to show any other consideration than that expressed in the conveyance from Hunt to Collins, and rendered judgment against him, from which he has appealed to this court.

*Speed & Beaty*, and *C. G. Wintersmith*, for appellant—

It is perfectly clear that the defense relied upon by Hunt would have been available in a suit by Collins upon the warranty. (*Morse vs. Shattuck*, 14 *N. H. Rep.*, 229 ; *Harlow vs. Thomas*, 15 *Pick*, 70; *Bullard vs. Briggs*, 7 *Pick*, 533 ; *Wade vs. Mervin*, 11 *Ib.*, 228; *Clapp vs. Truit*, 20 *Ib.*, 247; *McCord vs. Purmont*, 16 *Wendell*, 460 ; *Burbank vs. Gould*, 15 *Maine*, 118; *Belden vs. Scymore*, 8 *Conn.*, 310 ; *Meeker vs. Meeker*, 16 *Ib.*, 383 ; *Beach vs. Packard*, 10 *Penn.*, 96 ; *Bingham vs. Winderwa*, 1 *Comstock*, 509 ; *Watson vs. Blaine*, 12 *Scarg. & Rawle*, 131 ; *Jack vs. Dougherty*, 3 *Watts*, 158; *Bolton vs. Johns*, 5 *Barr*, 145; *Harvcy vs. Alexander*, 1 *Randolph*, 219; *Wilson vs. Shelton*, 9 *Leigh*, 342; *Curry vs. Lyles*, 2 *Hill, S. C.*, 404; *Moore vs. McKee*, 5 *Smedes & Marshall*, 438.) In Kentucky, the consideration of any writing, sealed or unsealed, may be impeached by virtue of legislative enactment. (*Acts of* 1801, *Stat. Law*, 33 ; *Rev. Stat.*, 331.)

Can a vendor avail himself of such a defense against a remote vendee? The statutes of Kentucky draw no distinction between a remote and immediate vendee. There is nothing in the statutes to show that the assignee of a covenant of warranty is placed on any better ground than the original vendee. It is a principle of the common law that a vendee can acquire no greater right than his vendor had. Another such principle is contained in the maxim *caveat emptor*. There is enough in this record to show that Orwig was put upon his guard when he purchased the 320 acres of land in Illinois.

There is no likeness between the doctrine of covenants real running with the land, and the doctrine of bills of exchange, as is supposed.

Orwig's vendor conveyed with special warranty only. There was enough in this fact to warn the appellee of defects in the title. And thus far he is not a *bona fide* purchaser without notice.

A covenant, though it pass to a purchaser with the land, is not a *thing* in a legal sense, it is a *chose*

HUNT
vs.
ORWIG.

*in action.* To give it all the qualities of a *thing*, and deduce from it as a *thing* all the legal consequences that result from the sale of a *thing*, is artificial. The thing bought was land—the covenant, a *chose in action*, came as an incident with the land. It may well be conceded that a purchaser of land will be protected against latent equities. The holder of such equities should assert them or give some sort of notice; but that cannot be said of equities against a covenant that passes with land, because the covenant is not the thing really bought and sold. Any fact or circumstance that tends to throw suspicion on a covenant which runs with the land, ought to put a purchaser on his guard. If the vendor so doubts that he will not warrant the title, that doubt should reach the covenants that run with the land.

A covenant which runs with the land is of necessity both local and transitory, or personal, in its character. Such a covenant may be sued on and a recovery had in another government than that in which the land lies, else justice would be defeated. This was a covenant of warranty concerning land in another government, for which there could be no suit in Kentucky.

Now, the covenant is personal, and not the thing which was bought and sold, but an incident. It is surely competent to show that the covenant was obtained by fraud or mistake—that by fraud or mistake the true consideration is not stated in the deed.

The rights of an assignee are not saved by the act of 1801, or that of 1815. A plea to the validity of an obligation for fraud or mistake, is good under those acts against an express assignee, and of course good against an assignee by operation of law. So far as the covenant is personal, these acts let in the defense. The only way of escape from the influence of these acts is by regarding the covenant as a *thing*—as reality.

We conclude that it was competent to show fraud in the consideration of Hunt's deed to Collins.

But if Orwig has bought in the superior title, he cannot recover the consideration expressed in the deed from Hunt to Collins. He should be restricted to the price paid for the title bought after eviction. (*Rawle on Covenants for Title*, p. 100, referring to *Dinmich vs. Lockwood*, 10 *Wendell*, 142; *Foote vs. Burnett*, 10 *Ohio Rep.*, 334.) Orwig should disclose what he gave for the superior title, and be limited in his recovery to that amount.

The sufficiency of the notice to Hunt of the pendency of the suit against Orwig is denied.

The jurisdiction of the court rendering the judgment of eviction is also denied.

*W. L Conklin* and *J. Harlan* for appellee—

Without giving a history of the pleadings and evidence, we will state the grounds upon which the appellee relies why the judgment should not be disturbed, and then notice some of the grounds relied upon by the counsel of appellant for a reversal of the judgment.

1. As Orwig received a conveyance from Vaneps, with special warranty, can he maintain an action against Hunt, the vendor of Collins? In other words, can a vendee, who holds under a special warranty, sue a remote warrantor on his covenant of general warranty?

This question is clearly and distinctly settled in the case of *Cummins vs. Cummins,* 3 *Litt.* 118, and no argument is necessary to maintain the affirmative of the proposition. (See, also, *Young vs. Triplett*, 5 *Litt.* 248.)

2. As respects the evidence to prove the allegations of fraud against Andrew Hunt, we have only to say there cannot be any very serious doubt or difficulty. The proof is very clear on that branch of the case. Indeed, we do not understand the counsel for appellant controvert the sufficiency of the evidence to establish the fraud.

3. As respects the sufficiency of the notice to An drew Hunt of the institution and pendency of the action of ejectment in the federal court of Illinois, there can be no doubt.

The case was tried in Illinois the 11th December, 1846. Thomas Heyser proves he gave a notice to Hunt between the 22d October and 1st November, 1846.

In addition to this proof, the fact that Hunt does not deny, in his answer, having received notice, is conclusive in favor of the appellee on this point.—— The copy of the record from the federal court of Illinois shows that Orwig defended the action.

The grounds relied upon by the counsel for appellant will now be noticed :

1. Andrew Hunt, the 8th April, 1839, conveyed to Collins, for the consideration of $1,600, 320 acres of land, embracing the 120 acres recovered in the action of ejectment in the federal court of Illinois; and Hunt, in this suit, alledges he was cheated and defrauded by Collins as to the quality and value of the land in Ohio, which Hunt alledges was the consideration for the deed, and not $1,600 in cash. And Hunt claims the right of proving the fraud and defeating any recovery by Orwig on the covenant of the warranty.

We do not know that this precise question has ever been decided by this court. If it has not, it is a strong a circumstance against the position assumed by the counsel for appellant. It has been repeatedly decided by this court, that a remote grantee may maintain an action against a remote grantor.—— (3 *Bibb*, 173 ; 4 *Bibb*, 225 ; *Birney vs. Haun*, 3 *Mar.* 324; *Same case*, 2 *Litt.* 262 ; *Thompson vs. Sanders*, 5 *Mon.* 358 ; *Thompson vs. James*, 11 *B Monroe*, 367 ; *Dougherty vs. Duvall's heirs*, 9 *B. Mon.* 57.)

In the last named case it was held, that a grantee may maintain the action for the injury he has sustained, when only a part of the land has been recovered.

The right of action is on the *privity* of estate, not on *contract*. The statute of Kentucky authorizing the assignment of bonds, &c., and saving the rights of obligor against any defense he may have against the original obligee, has no application to the warranty contained in a deed. The statute does not, in terms, or in spirit, embrace such a case.

It is very certain, we think, that at common law, no such defense would be tolerated; and as the statute referred to has not changed the common law, the old rule must hold.

Hunt asknowledged he had received $1,600 from Collins as the consideration for the conveyance of the land; and that was known by the subsequent grantees, and may have been an inducement to them in making their several purchases.

It seems to us, therefore, that Hunt cannot set up, as a defense to an action on his covenant of warranty, that Collins had cheated or defrauded him as to the value of the Ohio lands which he (Hunt) alledges he received from Collins as the consideration of his conveyance. What equity he might have against Collins in a contest between themselves, is a question not necessary to be discussed by us, or decided by this court. We contend that by the principles of the common law—which have not been changed by statute—in a contest with a remote grantee the consideration stated in the deed must be the criterion by which the responsibility of the warrantor is to be ascertained.

It was decided by this court, in *Stovall and wife vs. Barnett's ex'rs*, 4 *Litt.* 207, that a deed of gift with covenant of title for slaves, by a grand-father to his grand-daughter, made the grand-father liable on his covenant. And in *Hanson vs. Buckner's heirs*, 4 *Dana*, 251, it was decided that the consideration of natural love and affection was sufficient to uphold a deed made by a grand-father to his grand-daughter, and that the latter could maintain an action of covenant on the warranty, notwithstanding the convey-

ance was voluntary; and that the criterion of damages was the money consideration *stated in the deed*. In both of these cases, no consideration in fact was paid by the grantee.

We think it would be a very inconvenient precedent if the law should be settled as contended for by the counsel for appellant. A remote warrantor might be sued by a grantee thirty years after the date of the conveyance, and the witnesses to the transaction to prove there was a full and valuable consideration, may all have died or removed to a distant country, and the plaintiff would not be presumed to know and obtain the proper evidence. It is safest to hold the parties to their written acknowledgment, and not depart from the old beaten track.

2. It is contended by the appellant that the measure of recovery is not the amount stated in the deed, graduated by the quantity of land lost, but the amount actually paid by Orwig in his purchase from the true owner after the recovery in the action of ejectment.

The rule attempted to be applied here is applicable to an action for breach of covenant against *incumbrances*, and such are the authorities. The case of *Foote vs. Burnett*, 10 *Ohio R.* 317, (referred to by appellant's counsel,) is such a case—where the plaintiff was compelled to pay off an outstanding mortgage—and in his action on the covenant in the deed covenanting against all *incumbrances*, the court say, and we think rightly, the plaintiff could only recover the amount of the money, and interest, paid by him to remove the incumbrance. We refer the court to the notes appended to this case, which gives a brief but very clear history of the ancient doctrine upon the subject of warranties.

After the land was recovered by judgment in an action of ejectment in the federal court of Illinois, Orwig purchased the land; and whether he purchased for a high or low price is not a matter to be inquired into by Hunt.

In the case of *Thompson's heirs vs. Janes*, (erroneously printed *Jones*,) the plaintiff recovered the amount paid to the defendant by Graham, a remote vendee from Janes. Thompson conveyed to Graham for $1,625; Graham conveyed to Kendrick, and Kendrick to Janes. Janes paid Kendrick only $1,245, and to Taylor's heirs $200, making $1,445; yet this court say that Janes was entitled to recover from Thompson's heirs $1,625, the amount paid by Graham to their ancestor.

3. As to the jurisdiction of the federal court of Illinois.

The counsel for appellant says the record ought to show, *by evidence* embodied in the record, that the parties were citizens of different states, and that the land was of the value of $500, or upwards. The counsel (Mr. Wintersmith) who wrote that part of the brief, does not appear to be familiar with the practice in the federal courts. We admit that the declaration, on its face, must show that the parties are citizens of different states, according to the constitution and the judiciary act of 1789, but it has never been held necessary to prove the fact until it is controverted. As to the value of the land in controversy, that is a matter which may be brought up upon the question of costs. If a party recovers land by judgment of the federal court, and then proof is introduced to show it is of less value than $500, the plaintiff cannot recover costs, but the judgment for the land is not affected.

4. As to the remedy in a court of equity.

It was decided by this court in *Birney vs. Hann*, 2 *Litt.* 265, that the action on a covenant by a remote grantee is *local*, and should be brought in the county where the land lies. This land lay in the state of Illinois, a foreign jurisdiction, and Hunt lived in Kentucky. If an action at law had been brought, Hunt could have defeated it by pleading (by demurrer) that the action was local. The only remedy was by a suit in chancery. If that remedy should be denied,

HUNT
vs.
ORWIG.

then the anomaly would be presented *"of a right without a remedy."*

The circuit judge who presided and delivered the opinion in this case, has presented the law and facts very clearly and lucidly; and we think the counsel for appellant have failed to show any error prejudicial to his rights. But on our cross-appeal, we contend the decree is erroneous to the prejudice of Orwig, in failing to give him interest either from the rendition of the judgment in the action of ejectment, or from the filing of the bill.

The doctrine is well settled in this state, that where the title of the grantor fails, the criterion of recovery is the value of the land at the date of the deed, to be ascertained by the consideration paid, which is presumed to be the sum stated in the conveyance. (2 *Bibb*, 275, 569, &c.) This principle was somewhat modified in a peculiar case, *Thompson vs. Janes, supra.*

June 14.

Judge CRENSHAW delivered the opinion of the court:

1. A vendee without warranty may, in case of eviction, or a recovery in a circuit court of the U. States, which is tantamount to an eviction, recover against a remote warrantor of the same land.

The objections to the jurisdiction of the court, and to the right of Orwig to maintain this suit as remote vendee, with special warranty only, against Andrew Hunt, as remote vendor, cannot avail, for the reasons assigned and the authorities referred to by the circuit court. And, that there was an eviction, or, what is equivalent to an eviction, a recovery in the United States district court for the district of Illinois, against Orwig, of part of the land sold by Hunt to Collins, is manifested by the record of that court; and, we think, no serious doubt can be entertained that Hunt had reasonable and sufficient notice of that suit, before its trial, to prepare for and defend the same, and that, consequently, he is concluded by the judgment in that case.

Hunt introduced evidence conducing to show that the consideration actually received by him was not that mentioned in his deed to Collins, which was a money consideration, but was a tract of land which

Collins let him have, of much less value than the sum stated in his deed to Collins as the consideration. He introduced evidence, also, conducing to show that Collins had, by his misrepresentations, deceived him as to the quantity and quality of the land received by him from Collins as the consideration of his deed to Collins. The circuit court refused to lessen the amount of recovery against Hunt in consequence of these facts, but determined that, whatever might be the true rule, in an action between a vendor and his immediate vendee, in which there would exist a privity of contract as well as of estate, Hunt could not, as between him and the remote vendee, Orwig, impeach the consideration expressed in his deed to Collins, nor rely upon the alledged deceit practiced upon him by Collins. This opinion of the court, we apprehend, is correct.

In a recent case decided in New York, quoted by Sedgwick on the measure of damages, it was said: "It is well settled that, for the purpose of ascertaining the damages to which a plaintiff may be entitled in an action at law for the breach of the covenant of seizin in a deed, the true consideration, and that all, or any part, remains unpaid, may be shown, notwithstanding a different consideration is expressed in the deed, and although it contains an acknowledgment, on the part of the grantor, that it has been paid at the time of, or before, the execution of the deed." The author, however, says: "But, though parol proof may be admitted as between the original parties, it is well settled in New York that, if the grantee has transferred the land, the consideration named is conclusive as between his assigns and the original grantor, at least as against the latter." The author proceeds, that Bronson, J., in the case of *Greenvault vs. Davis, 4th Hill,* 643–649, said: "It would work the grossest injustice to allow the covenantor to go into the question of how much was actually paid for the land when the title has failed in the hands of an assignee." It is further said in the case

2. As between an immediate vendee with warranty, and his warrantor, the warrantor may show what was the real consideration paid for the land the title to which was warranted; but between a remote vendee and a warrantor, the consideration expressed in the deed is conclusive, and cannot be questioned in a suit on the warranty. (*Greenvault vs. Davis,* 1 *Hill,* 643.) The doctrine relating to ordinary assignments has no application in this case.

in *4th Hill*, *supra:* "The orignal parties knew, of course, what was the true consideration of the grant, but it is not so with third persons. They have no means of knowing what consideration was paid but from what the parties have said by the conveyance. The defendant covenanted with Price and his assigns. When he inserted the consideration and covenant in his deed, he virtually said to any one who might afterwards come in as assignee, that he had received the whole five hundred dollars, and would stand bound to that extent that the title should not fail.— The plaintiff acted upon that assurance and parted with his money, and the defendant should not now be heard to gainsay the admission. It is against good conscience and honest dealing to set up this defense, and the defendant is estopped from doing it." Again, Bronson, J., in delivering his opinion in the case of *Greenvault vs. Davis*, *supra*, referred to a case in which Justice Sutherland had delivered the opinion of the court, in which he used the following language : "If the covenant passes to the assignee with the land, it cannot be affected by the equities existing between the original parties, any more than the title to the land itself"—that, "to allow a secret agreement in opposition to the plain import of a covenant running with the land, to control and annul it in the hands of a *bona fide* assignee, would be a fraud upon such assignee which the law will not tolerate."

We are not apprised of any principle of law in opposition to that recognized in the above authorities, so far as quoted, as to the rule which should govern the amount of recovery in an action by a remote grantee against his remote grantor upon his covenant of warranty. And we conclude, therefore, that the circuit court did not err in deciding that Hunt was concluded by the consideration mentioned in his deed to Collins in this action by a remote grantee, and that he could not avail himself of the alledged fraud practiced upon him by his vendee—

that is a matter between themselves, and cannot op-
erate against Orwig, the assignee of the land and
warranty. The doctrine which prevails in ordinary
assignments under our statute does not apply.

It is urged in argument that Orwig should not be
allowed to recover more than he paid in purchasing
in the paramount outstanding title, and that it was
the duty of Orwig to disclose what he paid for this
title. It does not appear what amount he paid for it,
nor was he called upon to state, nor was t shown in
any other way. If it were conceded that the plain-
tiff's recovery ought to be limited to the amount
paid by him for the superior title, were that amount
manifested, it cannot be so limited, as this amount is
not made to appear. Nor do we perceive that it
was the duty of the plaintiff to disclose the amount
in order to limit his recovery, without being called
upon to do so. It was, as we take it, in the power
of the defendant to show this fact, and he made no
effort to do so. *Prima facie*, the plaintiff had a right
to recover the consideration in the deed of Hunt pro-
portionate to the land lost, and this is the amount
decreed by the court.

3. The crite-
rion of recovery
is the value of
the land lost by
the eviction; or
if less than the
whole is lost, the
value of so much
as is lost, pro-
portioned to the
original consid-
eration paid.

As to the fraud charged, we think the testimony
amply sufficient to sustain the charge.

We are also of opinion that the jurisdiction of the
district court of the United States for the district of
Illinois sufficiently appears in the action of eject-
ment in which the land was recovered against the
plaintiff. It is true that it is a court of limited juris-
diction, and such a state of case should be shown in
the record of the suit against the plaintiff in that
court as to manifest its jurisdiction; and this, we
think, has been done. The declaration alledges that
the parties were citizens of different states, and that
the amount in controversy exceeded the sum of
$500. This was sufficient to give that court juris-
diction.

4. This court
will presume
that a circuit
court of the U.
States had juris-
diction, when
the pleadings
show the fact
that the suit was
between citizens
of different
states, and the
matter in con-
troversy exceed-
ed the sum of
$500.

Wherefore, the decree is affirmed.